UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUIS JOSE VALENCIA,

                Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1492

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.)[1] In an Order entered on May 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas

---

[1] Petitioner also filed an emergency motion an order for immediate release (ECF No. 2) and a motion for order to expedite the proceedings (ECF No. 3). Because the petition for a writ of habeas corpus will be dismissed without prejudice for the reasons set forth herein, Petitioner's motions are also moot.

corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.)[2] Respondents filed their response on May 8, 2026, (ECF No. 6.) On June 9, 2026, Respondents filed a status report indicating that Petitioner was removed from the United States on May 14, 2026, and is no longer in the custody of Respondents. (Status Report, ECF No. 11.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.3.) Petitioner entered the United States in 2021 and has remained in the United States since that time. (*Id.*) On November 10, 2025, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*) On May 14, 2026, DHS removed Petitioner from the United States. (Status Report, ECF No. 11.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[2] Both the receipt of case notice (ECF No. 4) and the order to show cause (ECF No. 5) were mailed to Petitioner; however, each document was returned undeliverable.

## IV.    Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody. After initiating this action, Petitioner was removed from the United States and is no longer in Respondents' custody.

Because the relief sought in Petitioner's § 2241 petition relates to his detention, and he is no longer detained by Respondents, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:      June 12, 2026                              /s/ Jane M. Beckering
                                                       Jane M. Beckering
                                                       United States District Judge

3